

# Fourth Court of Appeals
## San Antonio, Texas

February 23, 2017

No. 04-16-00787-CR

Juan Ramon **MEDRANO**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 09-12-06579-MCRAJA
Honorable Amado J. Abascal, III, Judge Presiding

# O R D E R

After this court was advised the court reporter's record may have been lost or destroyed, we ordered the appeal abated and remanded to the trial court for the trial court to make findings pursuant to Rule 34.6(f) of the Texas Rules of Appellate Procedure, which governs proceedings relating to a lost or destroyed reporter's record. *See* TEX. R. APP. P. 34.6(f). After a hearing, the trial court found:

1. All of the court reporter's notes and records have been lost, and Medrano "was at fault for the loss of the court reporter's notes and records" "due to the extensive lapse of time between the return of the jury's verdict and the imposition of sentence, [] which delay was a direct result of [Medrano] having absconded";
2. The lost reporter's record is not necessary to the appeal's resolution; and
3. The record cannot be replaced by agreement of the parties.

*See id.*

Rule 34.6(f) states an appellant is entitled to a new trial based on a lost or destroyed reporter's record only if: (1) he timely requested the record; (2) the record was lost or destroyed without his fault; (3) the lost or destroyed record is necessary to the resolution of the appeal; and (4) the lost or destroyed record cannot be replaced by agreement of the parties. Here, the trial court specifically found the loss of the reporter's record in this matter was Medrano's fault and the reporter's record was not necessary to the resolution of the appeal. *See id.* Accordingly,

based on the trial court's findings, Medrano is not entitled to a new trial based on the loss of the reporter's record, and the appeal shall proceed without the reporter's record. *See id.*

Medrano filed a "Motion for Order Granting Leave of Appellate Court to Supplement Record on Appeal Necessary to the Appeal's Resolution." In that motion, Medrano states: "Appellant judicially admits fault with respect to the loss of the record of the trial proceedings; so accordingly, he cannot complain about its unavailability and that matter is rendered moot." Thus, Medrano agrees he is not entitled to a new trial based on the loss of the reporter's record from the trial. *See id.* Nevertheless, Medrano asks that he be permitted to supplement the appellate record with: (1) the reporter's records from the hearings regarding the lost reporter's record, (2) a defense counsel affidavit and any notes or memoranda of defense counsel relating to the merits of the appeal, and (3) a letter from the district attorney's office regarding the lost record. Medrano explains he wants to supplement the record with documents "relating to the events at trial [that] are germane to the reconstruction of the trial proceedings." Medrano is not entitled to supplement the record as requested. The defense counsel documents he seeks to include in a supplemental record relate to an attempt to reconstruct the trial record, which the trial court has determined — and Medrano has admitted — was lost due to Medrano's fault, and is unnecessary to the disposition of the appeal. The other documents relate to the hearing on the lost record itself, which are unnecessary to the disposition of the merits of his appeal. Accordingly, we **DENY** Medrano's "Motion for Order Granting Leave of Appellate Court to Supplement Record on Appeal Necessary to the Appeal's Resolution." We further **ORDER** Medrano to file his appellant's brief in this court on or before **March 27, 2017**.

We **order** the clerk of this court to serve a copy of this order on all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of February, 2017.

_____
Keith E. Hottle
Clerk of Court